UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLINTON C. BARLOW, III, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> PHILLIP MURPHY et al., : <br> : <br> Respondents. : <br> : | Civil No. 19-16999 (FLW) <br><br> **MEMORANDUM OPINION** |

**FREDA L. WOLFSON, Chief U.S.D.J.**

      Petitioner, Clinton C. Barlow, III, ("Barlow" or "Petitioner"), acting *pro se*, commenced this proceeding action by filing a number of documents after the Court granted him leave to file a petition for writ of habeas corpus proceeding under U.S.C. § 2254. Previously, in March 2001, U.S. District Judge Garrett E. Brown, Jr., issued an order that permanently enjoined Barlow "from filing any civil actions in this Court without prior written approval of the Court." *Barlow v. Scott-Buzzi*, Civ. No. 00-5645 (GEB), ECF No. 34. On June 13, 2019, the Court received documents submitted by Barlow and construed them as an attempt to file a petition for a writ of habeas corpus. The Court concluded that Judge Brown's preliminary injunction did not preclude Barlow from filing a habeas petition and directed him to submit a proper filing fee or an application to proceed *in forma pauperis*. (*See* ECF No. 1-1.) Barlow subsequently paid the five-dollar filing fee required for a habeas petition and has made several filings on this docket.

      All habeas petitions are subject to screening under Rule 4 of the Rules Governing § 2254 Cases, under which, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rules

Governing § 2254 Cases, 28 U.S.C.A. foll. § 2254, Rule 4.  Under § 2254, a habeas petitioner must, at the time of filing, be in custody under the conviction he is attacking.  28 U.S.C. § 2254; *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003); *see also Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 401–02 (2001); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989).

Barlow's filings in this case are somewhat confusing, and it is not entirely clear which, if any, of the filed documents he intends to function as a pleading.  While the exact contours of his claims are consequently difficult to discern, it is nonetheless clear that Barlow does not allege that he is now or was ever in custody.  Neither does he identify any criminal judgment or sentence against him that he seeks to challenge.

Instead, Barlow's grievance with the State of New Jersey and various State officers seems to stem from the dismissal of criminal harassment charges against an employee of the New Jersey Motor Vehicle Commission ("MVC").  (*See* ECF Nos. 1, 1-3, 1-4, 2-1, 3, 3-1, 4.)  It seems that Barlow has made unsuccessful attempts to file petitions with the state courts for "post-conviction relief" ("PCR") regarding the dismissal of charges against that MVC employee.  (*See* ECF No. 2-1 at ECF pp. 4–9, 19–22.)  Barlow also complains that various state judges he believes are biased against him have not recused themselves from cases involving his relatives.  (*See* ECF No. 1 at 1–2.)

Such allegations do not support an exercise of the Court's habeas jurisdiction.  *See* 28 U.S.C. § 2254 (stating that a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States").  While a federal petition for writ of habeas corpus often represents the next step after a state PCR petition is unsuccessful, this is merely the case because federal habeas petitioners are

required to first exhaust available state-court remedies; a habeas petition cannot be used to obtain "review" of a PCR denial unless habeas jurisdiction is shown. *See* 28 U.S.C. § 2254(a)–(b). Furthermore, even if the Court could consider Barlow's claim regarding the dismissal of charges against the MVC employee who allegedly assaulted him, the Supreme Court of the United States has established that there is no constitutional right to the criminal prosecution of a third party. *See Leeke v. Timmerman*, 454 U.S. 83, 87 (1981).

Consequently, the Petition must be dismissed upon screening under Rule 4 of the Rules Governing § 2254 Cases, as Barlow does not meet the custody requirement and does not identify any criminal conviction or sentence imposed against him that he seeks to challenge. The Petition is dismissed without prejudice, as it plainly appears that Barlow is not entitled to relief.

Under 28 U.S.C. § 2253(c), a litigant may not appeal a final order in a habeas proceeding unless the judge or a circuit justice issues a certificate of appealability ("COA"). That section further directs courts to issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, reasonable jurists would not find the Court's ruling debatable. Accordingly, no certificate of appealability shall issue.

Barlow has also filed a motion seeking a hearing on his claims. (ECF No. 4.) As the Petition is dismissed upon preliminary screening, such a hearing is unnecessary, and the motion is denied.

An appropriate Order follows.

DATED: September 12th, 2019

*s/Freda L. Wolfson*
FREDA L. WOLFSON
U.S. Chief District Judge